WISCONSIN NATURAL GAS Co., Plaintiff-Respondent,

v.

Steve KLETSCH, Defendant,

H. B. Wegner Trucking Inc., Garnishee Defendant-Appellant.

Court of Appeals

No. 79–913. *Submitted on briefs March 17, 1980.—Decided March 26, 1980.*

(Also reported in 291 N.W.2d 640.)

For the garnishee defendant-appellant the cause was submitted on the briefs of *Bruce R. Rasmussen* of Beaver Dam.

For the plaintiff-respondent the cause was submitted on the brief of *Neupert & Wakeman, S.C.* of Lake Mills.

Before Gartzke, P.J., Bablitch, J., and Dykman, J.

BABLITCH, J.  The garnishee-defendant, H. B. Wegner Trucking Inc. (garnishee), appeals from a circuit court order denying its motion to set aside a default judgment in a small claims garnishment action under ch. 812[1] and ch. 299, Stats.[2] (1977). The issue on appeal is whether a small claims-garnishment judgment entered in default of the garnishee's appearance at trial, for an amount exceeding that which the garnishee-answer admitted owing the principal defendant, may be reopened subsequent to the time limit set forth in sec. 299.29(1), Stats. We hold that it may not.

The action was commenced pursuant to sec. 299.01(4)(b), Stats., on September 22, 1978. The summons and complaint were personally served on the garnishee. The complaint stated that the plaintiff had an outstanding judgment against Steve Kletsch, an employee of the garnishee, in the amount of $321.64. The summons ordered the garnishee to answer whether it was indebted to Kletsch for earnings and, if so, to pay him a "subsistance allowance" and to retain from the balance the amount claimed by the plaintiff pending the further order of the court.[3]

---

[1] Chapter 812, Stats., governs garnishment actions.

[2] Chapter 299, Stats., governing small claims actions was renumbered to ch. 799, Stats., by ch. 32, Laws of 1979, effective July 20, 1979. All statutory references to that chapter in this opinion are to the 1977 statutes.

[3] The requisites of a garnishee summons are set forth in sec. 812.04(2), Stats.

On the return date specified in the summons, October 4, 1978, the garnishee filed a form answer indicating that it owed its employee $184.06 in gross earnings and $143.82 in net "disposable earnings" after deductions.[4] The answer also indicated that the garnishee had retained "none" of the disposable earnings of the employee pending the outcome of the garnishment action.[5] The garnishee asserted during the hearing on its motion to reopen that the latter portion of the answer was an error on the part of the garnishee, which in fact retained the sum of $184.06 pursuant to sec. 812.18, Stats.[6]

The plaintiff made no written reply to the garnishee's answer, but appeared and orally disputed the same on the return date. On October 10, 1978 a "notice of trial" scheduled for November 9, 1978 was mailed to the parties. At the foot of this form notice appears a typewritten instruction ordering the garnishee "to appear with payroll records on the above date."

A second notice of trial was mailed to the parties on October 30, 1978, bearing the same typewritten instruction to the garnishee and indicating that the trial had been rescheduled for November 29, 1978. The garnishee returned this notice to the clerk of courts after adding an unsigned, undated, handwritten notation at the foot of the form indicating that the principal defendant had

---

[4] Section 812.01(6), Stats., defines "disposable earnings" as earnings remaining after deductions of "amounts required by law to be withheld."

[5] Under sec. 812.13(1), Stats., the garnishee may elect to pay any debt due the principal defendant to the clerk of courts, and must do so on the written request of the plaintiff. If neither election nor request is made, the garnishee is required to retain the amount due the defendant until further order of the court. Sec. 812.13(4).

[6] Section 812.18, Stats., provides that the garnishee is liable to the plaintiff for, and must hold until further order of the court, earnings owed less payments required to be made to the principal defendant as computed under that section.

been fired on October 14, 1978, and stating: "If you still require any records or our appearances please let me know." Just above this notation on the form appears a note apparently written by the clerk of courts, which says "11/28/78 contacted H & B that someone will have to appear."

No one appeared on behalf of the garnishee at trial on November 29, 1978. The trial court entered judgment for the plaintiff in the full amount of the previous judgment against the defendant's employee, together with the costs of the garnishment action, in the total amount of $341.24. The record on appeal contains a "notice of entry of judgment" dated December 11, 1978, addressed to each party.

On April 2, 1979 the garnishee filed a motion to set aside the judgment. A supporting affidavit subscribed by the garnishee's vice-president alleged that the affiant had never been instructed to appear at trial after informing the court of the termination of the principal defendant's employment. The affidavit further alleged that the garnishee was "still holding" $184.06 of the employee's wages; that it had received no instructions from the court as to payment of that amount; and that neither the affiant nor any other member of the garnishee company had received a copy of the notice of entry of judgment.[7]

The garnishee contends that the judgment against it is "void" because the plaintiff failed to serve a reply to the garnishee answer, as required by sec. 812.14, Stats., if an answer is disputed. That section provides in part:

(1) The answer of the garnishee *shall be taken as true unless the plaintiff,* within 20 days after the receipt of the answer of the garnishee, *serves a reply* upon the garnishee.

---

[7] The affidavit states that the clerk of courts "has furnished" the garnishee's attorney with a copy of the notice of entry of judgment but does not state how or when the notice was furnished.

(2) *Upon service of the reply, issue shall be joined* between the plaintiff and garnishee, and the parties shall thereupon proceed as in ordinary civil actions. [Emphasis supplied.]

Since no reply was served, the garnishee argues that its answer indicating that it returned "none" of the principal defendant's wages should have been "taken as true," and that the trial court had no power to proceed to trial on an issue not properly joined under 812.14(2). We disagree with this contention.

Chapter 812, Stats., governs garnishment actions generally. However, sec. 299.01, Stats., provides that the procedure in ch. 299, governing small claims actions, "shall be used" in garnishment actions under ch. 812 "where the amount claimed is $1,000 or less," and that sec. 812.01(2) "shall not apply to proceedings under this chapter."[8] Section 812.01(2) provides that "[e]xcept as otherwise provided" in ch. 812, the procedure in garnishment actions shall be the same as in ordinary civil actions. Section 299.01 thus establishes the primacy of the procedures set forth in ch. 229 over contrary provisions in ch. 812 or in the rules of procedure applicable to civil actions in general under Title XLIIA, Stats.

Section 299.06(1), Stats., provides that except in certain circumstances not material to this action, "pleadings may be oral." The plaintiff's oral reply disputing the concededly incorrect garnishee answer in this case was

[8] Section 299.01(4), Stats., provides in relevant part:

Subject to the limitations of ss. 299.11 and 299.12, the procedure in this chapter shall be used in circuit court in the following actions:

(4) OTHER CIVIL ACTIONS. Other civil actions *where the amount claimed is $1,000 or less*, provided that such actions or proceedings are:

. . . .

(b) For . . . *garnishment* under chs. . . . 812, except that ss. . . . 812.01(2) shall not apply to proceedings under this chapter. [Emphasis added.]

proper under this section and the service requirements of sec. 812.14(2), Stats., were inapplicable.

Section 299.22(2), Stats., provides:

> *If the defendant fails to appear* and plead on the return date or *on the date set for trial,* the court may enter a judgment upon due proof of facts which show the plaintiff entitled thereto. [Emphasis supplied.]

The garnishee, which received two separate notices of trial ordering it to appear with payroll records, thereby had notice that there was a matter in dispute for resolution at trial. It acted at its peril in failing to appear.

Section 299.29(1), Stats., provides the sole means of attacking a default judgment in small claims actions which have been commenced, as here, by personal service of the summons.[9] That section provides that application to reopen a default judgment "must" be made within 90 days "after entry of judgment." Under sec. 299.24(1)[10] the date of entry of judgment is the date judgment is rendered. Since the garnishee's motion to reopen the judgment was not filed until well after 90 days from the time judgment was entered on November 29, 1978, it was not timely under sec. 299.29(1). Sec. 806.07, Stats., which provides for relief from judgments in other types

---

[9] *Cf.* sec. 299.14, Stats., which provides that where service is by mail, a defendant may petition to set aside a judgment within 15 days after receiving actual knowledge that the judgment has been entered, for up to one year after entry.

[10] Section 299.24, Stats., provides in pertinent part:

*Judgment.* (1) ENTRY OF JUDGMENT OR ORDER: NOTICE OF ENTRY THEREOF. When a judgment or an order is rendered, the judge, court commissioner or clerk shall immediately enter it in the case docket and note the date thereof which shall be the date of entry of judgment or order. The clerk, except in municipal and county forfeiture actions, shall mail a notice of entry of judgment to the parties or their attorneys at their last-known address within 3 days of its entry. . . .

of civil actions, does not provide an alternative procedure for reopening default judgments in small claims actions.[11] We conclude that the motion was properly dismissed.

*By the Court.*—Order affirmed.

---

[11] Under sec. 299.04(1), Stats., the general rules of civil procedure, such as sec. 806.07, Stats., apply "[e]xcept as otherwise provided" in ch. 299.